UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

ALLEN MYERS,

                  Petitioner,

-against-

WILLIAM PHILLIPS, SUPERINTENDENT,
GREEN HAVEN CORRECTIONAL FACILITY,
                  Respondent.

----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 23 2006 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER
04-CV-4958(ERK)

Korman, Ch. J.

I assume familiarity with the underlying facts. Briefly petitioner alleges that his attorney was ineffective for failing to ask for a charge that petitioner was justified in taking the life of the victim in defense of his wife whom he was allegedly in the course of raping. I deny the petition on the ground that petitioner cannot satisfy the second prong of <u>Strickland</u>. Specifically, petitioner's conceded on cross-examination that he stabbed the victim in self-defense and not because his wife was being raped. The concession come in the following colloquy:

A:   I went to defend my wife but not like where I would, you know, react, all I asked when I seen that "Why your harassing my wife."

Q:   And then in defense you stabbed him once, correct?

A:   No, I didn't, I was not in, no, my mind set, was not in whereas I ever stabbed him, when I asked him "Why you harassing my wife," he turned around and he punch me twice.

Q:   Then you defended yourself and you stabbed him once, correct.

A:   Yes, I did.

Tr. 847-84. This testimony, which the District Attorney relies upon, is not addressed in petitioner's principal brief or in his reply brief. Combined with the testimony of petitioner wife denying that there was an attempted rape, it seems to me to have made an acquittal unlikely, rather than reasonably probable, even if the justification charge had been given. While petitioner argues that his wife's testimony was subject to impeachment, that consideration does not outweigh the force of his admission on cross-examination and the fact that neither of the two persons who were present at the time and who both were related to petitioner by marriage provided any corroboration for his testimony. Under these circumstances, the Appellate Division did not unreasonably reject petitioner's ineffective assistance of counsel claim.

## Conclusion

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED:**

Brooklyn, New York
February 16, 2006

s/Edward R. Korman
Edward R. Korman
United States Chief District Judge